UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE; DONALD J. TRUMP FOR PRESIDENT 2024, INC.; MICHIGAN REPUBLICAN PARTY; and RYAN KIDD, in his official capacity as Clerk of Georgetown Township,<br><br>             Plaintiffs,<br>  v.<br><br>GRETCHEN WHITMER, in her official capacity as Governor of Michigan; JOCELYN BENSON, in her official capacity as Michigan Secretary of State; JONATHAN BRATER, in his official capacity as Director of the Michigan Bureau of Elections; U.S. SMALL BUSINESS ADMINISTRATION; ISABEL GUZMAN, in her official capacity as Administrator of the Small Business Administration; DEPARTMENT OF VETERANS AFFAIRS; and DENIS McDONOUGH, in his official capacity as Secretary of Veterans Affairs,<br><br>             Defendants. | CIVIL ACTION<br><br>Case No. 1:24-cv-720-PLM-SJB<br><br>Hon. Paul L. Maloney<br>Hon. Sally J. Berens<br><br>**VET VOICE FOUNDATION'S MOTION FOR LEAVE TO REPLY** |

      Proposed Intervenor-Defendant Vet Voice Foundation ("Vet Voice") respectfully seeks leave to reply to Federal Defendants' opposition to Vet Voice's motion to intervene, ECF No. 14. At the time Vet Voice filed its motion to intervene and brief in support, ECF No. 9, Plaintiffs had indicated that they would oppose intervention, while Federal Defendants had indicated that they would determine a position after reviewing Vet Voice's filings. Vet Voice accordingly directed most of its arguments toward addressing issues it anticipated that Plaintiffs would raise. Given these circumstances, leave is warranted to give Vet Voice a full opportunity to briefly address the unique arguments raised by Federal Defendants.

WHEREFORE, Vet Voice requests that the Court grant it leave to reply and accept the attached six-page Proposed Reply for filing.

Dated: August 16, 2024.                     Respectfully submitted,

/s/ *Sarah S. Prescott*
Sarah S. Prescott (P70510)
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
105 East Main Street
Northville, Michigan 48167
(248) 679-8711
sprescott@spplawyers.com

Aria C. Branch
Justin Baxenberg
Samuel T. Ward-Packard
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW, Suite 400
Washington, DC 20001
(202) 968-4490
abranch@elias.law
jbaxenberg@elias.law
swardpackard@elias.law

*Counsel for Proposed Intervenor-Defendant Vet Voice Foundation*

## CERTIFICATE OF SERVICE

    I certify that on this 16th day of August, 2024, I caused to be served a copy of the above document on all counsel of record and parties via the ECF system.

/s/ <i>Sarah S. Prescott</i>  
Sarah S. Prescott

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE; DONALD J. TRUMP FOR PRESIDENT 2024, INC.; MICHIGAN REPUBLICAN PARTY; and RYAN KIDD, in his official capacity as Clerk of Georgetown Township,<br><br>              Plaintiffs,<br>  v.<br><br>GRETCHEN WHITMER, in her official capacity as Governor of Michigan; JOCELYN BENSON, in her official capacity as Michigan Secretary of State; JONATHAN BRATER, in his official capacity as Director of the Michigan Bureau of Elections; U.S. SMALL BUSINESS ADMINISTRATION; ISABEL GUZMAN, in her official capacity as Administrator of the Small Business Administration; DEPARTMENT OF VETERANS AFFAIRS; and DENIS McDONOUGH, in his official capacity as Secretary of Veterans Affairs,<br><br>              Defendants. | CIVIL ACTION<br><br>Case No. 1:24-cv-720-PLM-SJB<br><br>Hon. Paul L. Maloney<br>Hon. Sally J. Berens |

**VET VOICE FOUNDATION'S [PROPOSED]
REPLY IN SUPPORT OF MOTION TO INTERVENE**

ORAL ARGUMENT REQUESTED

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1
ARGUMENT ............................................................................................................................ 2
   I.    Vet Voice is entitled to intervene as of right. ................................................................ 2
   II.   Alternatively, the Court should grant permissive intervention. ........................................ 6
CONCLUSION ......................................................................................................................... 6

## INTRODUCTION

In this case, Plaintiffs challenge efforts to make it easier for veterans to register to vote. Proposed Intervenor-Defendant Vet Voice Foundation ("Vet Voice") works to empower veterans to take an active role in government. Increasing voter turnout among veterans is key to Vet Voice's mission. *See* Vet Voice Found.'s Mem. in Supp. of Mot. to Intervene at 3–4, PageID.65–66, ECF No. 9 ("Mem."). Vet Voice therefore has a significant interest in preserving Michigan veterans' ability to register to vote at designated offices of the Department of Veterans Affairs ("VA").

Federal Defendants oppose Vet Voice's intervention but have failed to articulate any valid reason why Vet Voice should not be a party to this case. Federal Defendants do not dispute that Vet Voice has an interest in the litigation; they even agree that "the Court would benefit from hearing directly from voters" and that the Court should consider the views of "the veterans whose interests Vet Voice seeks to represent." Federal Defs.' Resp. in Opp'n to Vet Voice Found.'s Mot. to Intervene at 8, PageID.139, ECF No. 14 ("Opp'n"). Federal Defendants do not dispute that adjudication of this action may impair Vet Voice's ability to protect its interests nor do they identify any way in which Vet Voice's participation will delay the litigation or impose unreasonable burdens on the existing parties. Instead, Federal Defendants argue only that the existing parties—in particular, the VA—adequately represent Vet Voice's interests.

Federal Defendants' arguments are wrong on the law. Half a century ago, in *Trbovich v. United Mine Workers*, 404 U.S. 528, 539 (1971), the Supreme Court made clear that a federal agency is not an adequate representative of its constituents just because it shares some of their goals in litigation, even in circumstances in which the agency is charged with enforcing the individual rights of those it serves, because an agency also may have interests that "transcend the narrower interest" of private litigants. *Trbovich* flatly contradicts the VA's insistence that it should be "presumed" to adequately represent Vet Voice—a point Vet Voice's opening brief made, Mem.

1

10, PageID.72, but which Federal Defendants ignore. For that reason, and those discussed in its motion to intervene, Vet Voice is entitled to intervene as of right under Rule 24(a)(2). At a minimum, Vet Voice should be granted permissive intervention under Rule 24(b).

## ARGUMENT

**I.  Vet Voice is entitled to intervene as of right.**

"Under Federal Rule of Civil Procedure 24(a)(2), district courts must permit anyone to intervene who, (1) in a timely motion, shows that (2) they have a substantial legal interest in the case, (3) their absence from the case would impair that interest, and (4) their interest is inadequately represented by the parties." *Wineries of the Old Mission Peninsula Ass'n v. Township of Peninsula*, 41 F.4th 767, 771 (6th Cir. 2022) (*"Wineries"*) (citation omitted). Federal Defendants contest only the fourth element, inadequacy of representation, and no other party has filed an opposition.[1] Vet Voice's burden in this respect is "minimal": a showing that representation "'*may be*' inadequate" suffices. *Trbovich*, 404 U.S. at 538 & n.10. As discussed below, for several reasons, the VA's representation of Vet Voice may be inadequate. The Court should therefore grant intervention of right.

The VA is flatly wrong to suggest that it shares all of Vet Voice's interests. *See* Opp'n 4, PageID.135. The VA does not share Vet Voice's interest in preventing the diversion of its own scarce resources, nor does it share Vet Voice's interest in mobilizing the thousands of veteran and activity-duty military voters in Vet Voice's voter file. *See* Mem. 6–8, PageID.68–70. Federal Defendants' contrary argument rests on a fundamental misunderstanding of the relevant law: it equates overlapping litigation goals with shared interests. But as the Sixth Circuit has explained, the "real focus" of intervention analysis is not "*what* the [representative party] has done but *why* it

---

[1] State Defendants took no position on intervention, and although Plaintiffs indicated in conferral that they would oppose, they have not filed a timely brief. *See* LCivR 7.3(c).

2

is doing it." *Wineries*, 41 F.4th at 776. The VA's "why" has little in common with Vet Voice's "why." While both are concerned with protecting veterans, only Vet Voice seeks to preserve resources as part of its ongoing GOTV effort in Michigan.

With that fundamental distinction established, *Trbovich* is squarely on point—and Federal Defendants do not argue otherwise. In *Trbovich*, a union member filed a complaint with the Secretary of Labor, seeking to have the Secretary set aside a union election. 404 U.S. at 529. The Secretary, agreeing that the election in question had been unlawful, filed a federal set-aside action. *Id.* at 529–38 The union member moved to intervene, but the Secretary opposed intervention, arguing that he adequately represented the union member. *Id.* at 538. The Supreme Court held otherwise, ruling that there was "sufficient doubt about the adequacy of representation to warrant intervention" where the Secretary was required to serve "distinct interests" the union member lacked. *Id.* Accordingly, under *Trbovich*, a federal agency does not adequately represent a private would-be intervenor where the agency's multiple "functions" may not "dictate precisely the same approach to the conduct of the litigation" as the private actor would take. *Id.* at 539.

That principle controls here. The VA (and its Secretary), like the Secretary of Labor in *Trbovich*, is subject to conflicting mandates. Among other things, the VA is obligated to protect the public fisc and to administer the law. It may conclude as this litigation progresses that operating voting registration sites around Michigan is incompatible with one or both of those duties. *See Wineries*, 41 F.4th at 774 ("[A]lthough the Township has an interest in defending the ordinances, it also presumably has another interest: protecting the fisc."). Or the VA may be compelled to change litigation positions by the President or a new Secretary. After all, one of the Plaintiffs in this case is the Trump Campaign; if former President Trump wins the fast-approaching November election, he will assume the power to appoint new leadership of the VA. Under *Trbovich*, it is

3

entirely reasonable for Vet Voice to seek intervention based on its concern that the VA "may not" adequately represent its interests where a party opponent may assume superintending authority over the VA in five months' time. *Cf. id.* at 776 ("What keeps the Township in the litigation today could change tomorrow, dampening the allure of continued legal battle along the way.").

Although *Trbovich* is both the Supreme Court's fountainhead case for adequacy of representation and factually very similar to this one, Federal Defendants never mention it. Their failure to do so should be fatal to their argument. *See Acrisure, LLC v. Hudak,* No. 1:22-cv-17, 2023 WL 5444281, at *3 (W.D. Mich. Aug. 24, 2023) (arguments not raised are forfeited). Federal Defendants also misunderstand the significance of the Supreme Court's decision in *Berger v. North Carolina State Conference of the NAACP*, 597 U.S. 179 (2022), which reaffirmed *Trbovich*. The Supreme Court in *Berger* directly refuted Federal Defendants' primary argument: that "a presumption of adequate representation exists where the parties share the same ultimate goal as the proposed intervenor." Opp'n 7, PageID.138. Instead, the Supreme Court recognized that "some lower courts have adopted a presumption of adequate representation in cases where a movant's interests are identical to those of an existing party," but that "this presumption only applies when interests overlap fully." 597 U.S. at 196–97 (cleaned up). And even with respect to shared interests, the Supreme Court made clear that a presumption of adequate representation is not appropriate where proposed intervenors and other parties "may be expected to vindicate different points of view." *Id.* at 197. Here, the VA shares some—but not all—of Vet Voice's interests, and vice versa; the VA has a distinct interest in the public fisc and no interest in protecting Vet Voice's resources or in its GOTV operations. Vet Voice also has a different point of view, which Federal Defendants

4

acknowledge. *See* Opp'n 8, PageID.139. As in both *Trbovich* and *Berger*, these distinctions defeat any presumption of adequacy.[2]

Federal Defendants' arguments fare no better under Sixth Circuit case law. They rely primarily on *Wineries*, which (i) held the representation there at issue to be inadequate and (ii) explained more generally why Federal Defendants' approach to intervention is fundamentally off base. *See* 41 F.4th at 774–77. To be sure, *Wineries* establishes that under current Sixth Circuit precedent, "a presumption of adequate representation arises" where the intervenor and existing party share "the same ultimate objective." *Id.* at 774. But it also rejects the suggestion that "*some* overlapping interests" necessarily render a party "able to represent the specific interests" of a would-be intervenor, *id.* at 775, and reminds lower courts that "adequacy of representation can change during a lawsuit depending on the representative party's underlying incentives for litigating the case." *Id.* at 776. Federal Defendants' underlying incentives clearly are different than Vet Voice's—and may change even further if some of the Plaintiffs achieve their political goals.

Federal Defendants also point to a trio of cases in which the Sixth Circuit analyzed motions for intervention in the context of class-action suits. *See Albright v. Ascension Mich.*, No. 23-1595, 2024 WL 1114606, at *2 (6th Cir. Mar. 14, 2024); *Jordan v. Mich. Conf. of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000); *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). These cases are easily distinguishable: each involved an attempt to intervene in a class action at a late stage in the litigation. In *Albright*, at the time intervention was sought "the district court had already preliminarily approved a nationwide class settlement," 2024 WL 1114606, at *1; in *Jordan*, the proposed intervenor "did not file its motion for intervention until after the district court

---

[2] *Berger* also casts categorical doubt on presumptions of adequacy, *see* 597 U.S. at 196, as several courts have recognized, *see, e.g.*, *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1021 (9th Cir. 2022).

5

issued its final judgment," 207 F.3d at 862; and in *Bradley* the motion to intervene was filed a month *after* the court denied a motion to supplement class representatives because "the case was in the twilight of its remedial phase," 828 F.2d at 1190 (quotation marks omitted). In each of these cases, the court already had necessarily found that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In that context, requiring some heightened showing of inadequacy of representation may be reasonable; here, however, where there is no class representative and the case is in its infancy, applying a presumption of adequate representation would contradict *Wineries*, *Trbovich*, *Berger*, and a host of other cases.

## II. Alternatively, the Court should grant permissive intervention.

Federal Defendants cite no basis other than adequacy of representation for denying permissive intervention. The VA acknowledges "that the Court would benefit from hearing directly from voters[,] including the veterans whose interests Vet Voice seeks to represent," Opp'n 8, PageID.139, and does not identify any delay or prejudice that it will suffer if Vet Voice is granted permissive intervention. No other party has done so, either. Vet Voice's participation will not cause any delay; it promptly filed its motion to intervene and proposed motion to dismiss before any defendant had even entered an appearance in this matter, and even now Federal Defendants' responsive pleading is not due for more than a month. Federal Defendants provide no explanation as to how the addition of a single additional set of briefs is meaningfully prejudicial—particularly where Federal Defendants themselves would not need to respond to those briefs. Accordingly, the Court should grant permissive intervention if it denies Vet Voice intervention of right.

## CONCLUSION

For the foregoing reasons, Vet Voice respectfully requests that this Court grant its motion to intervene.

Dated: August 16, 2024.                                  Respectfully submitted,

/s/ *Sarah S. Prescott*
Sarah S. Prescott (P70510)
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
105 East Main Street
Northville, Michigan 48167
(248) 679-8711
sprescott@spplawyers.com

Aria C. Branch
Justin Baxenberg
Samuel T. Ward-Packard
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW, Suite 400
Washington, DC 20001
(202) 968-4490
abranch@elias.law
jbaxenberg@elias.law
swardpackard@elias.law

*Counsel for Proposed Intervenor-Defendant Vet Voice Foundation*

7

## CERTIFICATE OF SERVICE

    I certify that on this 16th day of August, 2024, I caused to be served a copy of the above document on all counsel of record and parties via the ECF system.

                                        /s/ *Sarah S. Prescott*
                                        Sarah S. Prescott